The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Chapman. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff, who was fifty one years old on the date of hearing before the Deputy Commissioner, was employed by defendant furniture company on September 30, 1992. He sustained a compensable injury on that date when he lifted a table off of a conveyor belt and experienced the onset of back pain. Since his pain worsened over the next several weeks, on October 27, 1992 he went to Dr. Joyce, an orthopedic surgeon, for evaluation. Dr. Joyce initially treated him conservatively with medication for an acute lumbar strain, but after a CT scan revealed two herniated disks, the doctor recommended surgery. Consequently, plaintiff underwent surgery on January 13, 1993 to decompress the L4-5 and L5-S1 interspaces.
2. Following the operation, plaintiff did well for a few weeks but then developed recurrent leg pain. Since his condition did not improve with conservative measures, Dr. Joyce order a CT scan which revealed evidence of a recurrent bulging disk at L4-5. Dr. Joyce then recommended another operation which he performed on May 20, 1993. Plaintiff again did well for a few weeks after the surgery but subsequently began to develop recurrent pain. Further diagnostic tests indicated that his symptoms were probably due to epidural scar formation, so no further surgery was recommended. He was referred to the Work Recovery Center where he underwent work hardening.
3. In approximately September 1993 plaintiff returned to work for defendant-employer as an inspector and foreman, a job which did not require lifting. He worked in that capacity for over one year thereafter. In May 1994 he began developing pain in his left leg. On December 27, 1994 he returned to Dr. Joyce who was retiring and who then sent him to Dr. Wood. Since diagnostic tests incidentally revealed problems with the left hip joint, he was then referred to Dr. Griffin, an orthopedic surgeon who treated hip conditions. Dr. Griffin diagnosed his condition as bilateral avascular necrosis, a condition caused by disruption of the blood supply to the ball and socket joint of the hip which usually leads to death of the bone. Plaintiff's left hip was worse than his right one, and Dr. Griffin recommended that he undergo a surgical procedure to his right hip to try to stop the progression of the condition. Consequently, plaintiff underwent a core decompression of that joint on February 7, 1995.
4. Dr. Griffin continued to follow plaintiff regarding his hip problems until the date of hearing before the Deputy Commissioner. During that time the condition of both of his hips deteriorated and Dr. Griffin determined that he would eventually have to undergo hip replacement surgery for both joints.
5. Defendant admitted liability for plaintiff's back injury of September 30, 1992 pursuant to a Form 21 agreement approved by the Industrial Commission. They paid compensation to him for temporary total disability until he returned to work and then paid him for a 22.5% permanent partial disability to the back. However, they subsequently denied liability for the hip problems which he later developed.
6. Plaintiff has alleged that the avascular necrosis he developed in his hips was a proximate result of his use of steroid medications prescribed to treat his back injury. In fact, he took seven Medrol Dose Packs, or the generic equivalent, between October 27, 1992 and January 12, 1994 and he also underwent an epidural steroid injection in February or March of 1994 for his back condition. Although avascular necrosis can be associated with high doses of steroids, the amount that plaintiff took would not be expected to lead to the condition. Neither Medrol Dose Packs nor epidural steroid injections have been shown to be risk factors for avascular necrosis. Consequently, plaintiff did not prove that the avascular necrosis of his hip joints was a proximate result of the injury by accident giving rise to this claim.
7. Due to his avascular necrosis, plaintiff became unable to work in January 1995 and he remained out of work until the date of hearing before the Deputy Commissioner. Although most of this period of disability was due to his hip problems, on May 1, 1995 he presented to Dr. Griffin with his primary complaint being of low back pain. Dr. Griffin had him seen that day by Dr. Rhyne, a back surgeon, and Dr. Rhyne ordered physical therapy to treat his acute symptoms of low back and leg pain. Dr. Rhyne also kept him out of work because of his back condition through the remainder of that month. Plaintiff's condition improved with treatment and he was released from active medical care on July 12, 1995 with respect to his back condition.
8. As of May 1, 1995 plaintiff sustained a material change for the worse in the back condition he suffered as a result of his September 30, 1992 injury by accident. He had previously been able to perform his job duties with defendant with respect to his back condition. but on that date he became unable to work in any capacity due to acute back pain. He remained unable to work through May 31, 1995 as a result of his back condition. However, after that date he would have been capable of earning his regular wages but for the hip problem which was unrelated to his injury at work. He reached maximum medical improvement with respect to his change of condition on July 12, 1995 and sustained no additional permanent partial disability.
9. Plaintiff received disability insurance benefits during the time he was disabled due to his back problems, but he paid at least part of the insurance premiums for that coverage.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff is not entitled to benefits under the Workers' Compensation Act for his avascular necrosis of the hip joints. G.S. § 97-2 et seq.
2. As of May 1, 1995 plaintiff sustained a material change for the worse in the back condition he suffered as a result of the an injury by accident giving rise to this claim. G.S. § 97-47.
3. Plaintiff is entitled to compensation at the rate of $255.48 per week for 4 and 3/7 weeks for the temporary total disability he sustained as a result of this injury by accident and subsequent change of condition. G.S. § 97-29; G.S. § 97-47.
4. Defendants are not entitled to a credit for the disability insurance benefits plaintiff received during the time he was disabled in that the payments were not made by or provided by his employer inasmuch as he paid for the premiums, at least in part. G.S. § 97-42.
5. Plaintiff is entitled to have defendants provide all medical compensation arising from this injury by accident and subsequent change of conditions. However, he is not entitled to have them provide the medical treatment for his avascular necrosis. G.S. § 97-2(19); G.S. § 97-25.
* * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants shall pay compensation to plaintiff at the rate of $255.48 per week for 4 and 3/7 weeks for his temporary total disability. This compensation has accrued and shall be paid in a lump sum subject to the attorney's fee hereinafter approved.
2. Defendants shall pay all medical expenses incurred by plaintiff as a result of this injury by accident but excluding those arising from his avascular necrosis.
3. An attorney's fee in the amount of 25% of the compensation awarded is hereby approved for plaintiff's counsel, which fee shall be deducted from the aforesaid award and paid directly to Mr. Duncan.
4. Defendants shall pay the costs.
 S/ __________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ __________________ THOMAS J. BOLCH COMMISSIONER
S/ __________________ COY M. VANCE COMMISSIONER
DCS:bjp